## GEORGE S. PECK v. JOHN S. PARKIS.

Upon motions or petitions for a new trial, founded on any alleged error in the rulings or charge of the Court, or upon the ground that the verdict is against evidence, the Court, under its 48th Rule of Practice, will consider the statement of the evidence, as certified by the presiding judge, as true and unimpeachable, by affidavit or otherwise,—chapter 568 of the Public Laws not affecting, in this regard, the construction of, and practice under, said 48th Rule.

·PETITION for a new trial of an action of assumpsit, for recovery of the sum of $1,000, deposited with the defendant as a stakeholder.

At the trial before the jury, in this Court, the only testimony offered was that of the plaintiff himself, to the effect,—as set forth by the defendant in his petition,—viz. : That on the day of        next before the last presidential election, he deposited $1,000 with the defendant, to hold as a stakeholder, on a bet he had made with one Martin C. Stokes; and that,˙ on the Saturday before the election, he called on the defendant and told him he withdrew the bet, but that the defendant did not pay back the money, and never had done so, although he called on him and demanded it a few days after the election.    And on cross-examination, he testified that when he deposited said amount, the defendant advised him not to make the bet; that when he told the defendant that he withdrew the bet, the defendant replied that he would do anything about it that Mr. Stokes would assent to, and that he (the plaintiff) told the defendant he would go and see Stokes; that he did then call on Stokes, who told him some men in New York had control of the matter, and he would write to them; that he (the plaintiff) did not report to the defendant what Stokes had said, nor speak to ˙him again on the subject until a few days after the election, when he demanded the money back, and at that time the defendant told him he had paid the money over to Stokes.

To this statement of the evidence, the Chief Justice, who presided at the trial, did not fully assent, his certificate, allowing exceptions, being as follows :—

" The statement above made, as to the evidence offered at the trial, is not allowed. The plaintiff stated, when commencing his testimony, that he had bet upon the presidential election, and he also stated that, before the election, he withdrew the bet and told the defendant not to pay over the money. With these corrections, as necessary to the true and full statement (according to the recollection of the Judge trying the cause) of the evidence at the trial, I allow the statements of evidence above submitted."

The jury, upon the evidence, under the instructions of the Court, returned a verdict for the plaintiff, for " one thousand dollars without interest."

In the petition for a new trial, these grounds therefor were set forth, viz. :—

1. The verdict was against the evidence and the weight of evidence.

. 2. Because, since said verdict, the defendant has discovered new and important testimony in his behalf, viz. : testimony of one Harrington, tending to show that the withdrawal of the bet was not peremptory, and that Peck was to see Stokes about it, and arrange the business with him. Also, testimony of one Leonard, tending to show that the question of the withdrawal and the terms of it were left open, as between the plaintiff and Stokes, Stokes having told him he would write to the men in New York who had control of the matter, and the plaintiff having replied, " Well! you *write* and see what they will do,"—or, " Well! you *send* to·New York and see what they will do,"— which remark terminated the negotiation and the conversation.

3. Because the defendant was taken by surprise on the trial, and did not have a full and fair trial, the facts being as follows : The defendant was a disinterested stakeholder, and paid over the money to Stokes in good faith, who afterwards refused to refund it ; but promised to furnish the defendant with testimony to maintain the defence. But when the case was about to be tried in its order, said Stokes was absent from the State in Virginia. The defendant took all the means in his power to have said Stokes in Court with the witnesses, on the morning when the case was set down for trial, but Stokes, instead of arriving in Providence

by 3 or 4 o'clock A. M., did not arrive until 9, and was unable to have any witnesses in Court when the case was called. He did, however, promise to have them by 1 o'clock P. M., and the defendant offered to go to trial at that hour, or to let the plaintiff put in his testimony in the forenoon, postponing the defence until 1 o'clock, which offer was refused, and the case was at once tried.

To the petition was appended the following paragraph, signed by the defendant's counsel :—

"NOTICE. Upon the hearing of this petition, the petitioner will show, by affidavit, that said Peck did not say, when he testified, that the bet was on the presidential election, or any other election."

*Blake, for the defendant :—*

I. The verdict was contrary to law, the jury having had no right to say that the plaintiff should recover no interest; and it was against the evidence, for there was no evidence other than the testimony of the plaintiff, and he did not testify that the bet was upon an election, or upon any matter to make the bet unlawful. A bet on an indifferent subject is allowable by law. *De Costa* v. *Jones,* Cowper, 729 ; 3 Stephens' N. P. 2738, *et seq.*

II. The verdict was obtained by the defendant having been taken by surprise, and unprepared for trial.

III. Since the trial, the defendant has discovered new and important testimony to prove that the plaintiff did not, in fact, demand the money from the defendant until he had paid it over to the winner, agreeably to the terms of the wager.

*Currey, for the plaintiff :—*

1. The evidence, as certified by the Chief Justice if not as reported by the defendant himself, fully warrants the verdict. Besides, the defendant, who, equally with the plaintiff, knew the facts of the case, sat by and heard the plaintiff's testimony without offering himself as a witness to contradict him. 2. The alleged newly-discovered evidence is not of a character to bring it within the rule for granting new trials. *Johnson* v. *Blanchard,* 5 R. I. 24. Even if the withdrawal of the wager was not peremptory, or so understood by the defendant, yet, by neglecting

to offer himself as a witness to this point, at the trial, he is concluded by the verdict. *Hayes, Receiver,* v. *Kenyon,* 7 R. I. 531; *Sarle* v. *Arnold,* Ib. 582. 3. The allegation of surprise is not supported by the circumstances. These show negligence, and great want of diligence, or rather, that there is no defence to the plaintiff's action. 4. The proposed reading of affidavits of jurymen, as to the evidence on which they found their verdict, is against the usage and practice and rules of the Court, and is unlawful. *Tucker* v. *Town Council, &c.,* 5 R. I. 558, and cases cited. 5. At the hearing of a motion or petition for a new trial, the statement of the testimony, as certified by the Judge, is conclusive, and no affidavits about the testimony can be noticed by the Court. The 48th Rule of Court is, in this respect, unaffected by chapter 568 of the Public Laws. *Olney* v. *Chadsey,* 7 R. I. 224.

*Blake, for the defendant* (in a supplemental brief) :—

The question raised by the plaintiff, as to the requirements of the 48th Rule of the Court, is a very important one, inasmuch as, according to the plaintiff's view, if the presiding Judge should make a mistake, there can be no remedy, be the case criminal or civil. But we contend the rule itself does not preclude the Court from deciding, upon affidavits, what the evidence was. It is a rule restrictive of rights secured by common law and by the statute, and therefore must be construed very strictly. It is the duty of the Court to hear and decide motions for a new trial, on the ground that the verdict was against evidence, and, of course, to hear and determine what the evidence was. It cannot be presumed that, when parties have a right secured by law, to be heard by the whole Court, that the Court intended to deprive them of that right, and transfer all their powers and duties to a single judge. And if such is the meaning of the rule, then it is inoperative and void. There is nothing either in the intent or the letter of the rule to preclude a hearing upon the affidavits. But were it otherwise, all rules of a Court are under its control; and all courts, in their practice almost every day, admit this. To further the ends of justice, not to frustrate them, is the object of all rules. Besides, it is too late for the plaintiff or the Court to object to a hearing and decision upon the affida-

vits; for the defendant gave notice that he should, by affidavits, prove the evidence. The object of chapter 568 of the statute obviously was, to secure to a petitioner a right to prove to the Court what the evidence was, although the presiding Judge might not endorse the petitioner's statement of it; and such has heretofore been the practical construction of it, on the part both of counsel and Court.

BRAYTON, J. This action is brought to recover of a stakeholder a sum of $1,000, alleged to have been money deposited in his hands, upon a bet upon the last presidential election, which the plaintiff withdrew before the election, and demanded the money from the defendant.

A verdict was rendered for the plaintiff.

The defendant moves for a new trial, as stated in the brief, on three grounds:—First. That the verdict was against the law, inasmuch as the verdict was for $1,000 without interest; whereas, if he recovered at all, he was entitled to the interest on that sum. Were this the only ground of objection to the verdict, it might be amended by consent, or the defendant might pay the additional sum, without a verdict.

But he objects, secondly, that the verdict is against the evidence in the cause, in that there was no evidence that the bet was upon any election. The statement of the evidence, allowed by the justice who tried the cause, shows that it was given by the only witness in the cause. By the rule of the Court, no such cause shall be heard unless accompanied by a statement of the evidence submitted to the Judge who tried the cause, within five days after trial, or within such further time as shall be allowed by him. The object of the rule is, to have the evidence settled before the question of law shall be heard, and not to have the jury trial repeated before the Court.

If the statement made under the rule is to stand, or, in other words, if the rule is to be strictly adhered to and enforced, there is an end of this objection.

The counsel for the defendant claimed that he had a right, notwithstanding the rule, to produce affidavits to show that the Judge was mistaken, and that the witness did not testify as to the sub-

Peck v. Parkis.

ject of the bet, and that his statement of the evidence is incorrect in that particular. He was allowed to submit his brief upon the proof and also the affidavits, which he proposed to use, if permitted to do so in the hearing.

We do not feel disposed, nor do we think it advisable, to waive the rule. It is, in our view, a salutary rule, calculated to bring before the court a correct statement of the evidence, and to ascertain it with greater certainty than by any other mode. The evil, which bears upon the defendant, in this case, may be relieved, with proper diligence, by any party, without abrogating the rule. It is a matter of necessity that it be ascertained, before the hearing, what the evidence before the jury was. When the Judge declines to certify, the party should at once move. He may offer the Judge his affidavit at once.

In this case, however, we have examined the affidavit proposed to be offered, with those offered upon the same point by the plaintiff, and they show us the propriety of the rule. These affidavits leave the matter in doubt, if it stood upon them alone.

It appears that the evidence, as it is stated by the defendant, was, that the plaintiff testified that the bet was made just before the presidential election, and on the Saturday preceding that election he called on the defendant to withdraw the bet. The defendant was present at the trial, and he knew if the bet concerned that election. He did not offer himself as a witness to testify it did not, and the counsel argued to the jury, in the presence of the person who knew, that it was not upon that election. What would a jury naturally say to themselves? What more natural than to ask, Why, if it were not so, does not the defendant say so?

Suppose it were the only ground for a new trial, that it was not proved upon what election the bet was made, and that, by some omission of the plaintiff, proof was not, in fact, offered? Is it worth while,—does justice require,—that we should send it back to the jury merely to supply that, the fact itself not being in question? Nobody questioned here, at the hearing, that the bet was upon the presidential election, and, in fact, the verdict is right, and justice is done. *New trial denied.*